UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CRAIG HAGGADONE,

       Plaintiff,                          CIVIL ACTION NO. 06-10164

      v.                                  DISTRICT JUDGE PAUL D. BORMAN

JO ANNE B. BARNHART,            MAGISTRATE JUDGE VIRGINIA M. MORGAN
COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

**I. Introduction**

      This Social Security case comes before the court on the parties' cross-motions for summary judgment. For the reasons stated herein, the court recommends that the Commissioner's motion be granted and that plaintiff's motion be denied.

**II. Background**

      On January 14, 2003, plaintiff filed an application for Social Security Disability Insurance Benefits, claiming that he was disabled due to problems with his left knee. (Tr. 37-39, 43) He alleged a disability onset date of June 4, 1996. (Tr. 37-39) Plaintiff was 43 years of age when he filed the application. He has a high school diploma and an associates degree. (Tr. 49,

336)  From 1979 up to his alleged disability onset date, he worked on the assembly line at a General Motors Truck and Bus facility.  (Tr. 44, 337)

The Social Security Administration (SSA) denied plaintiff's claim on initial review.  (Tr. 23-26)  Plaintiff then requested a hearing before an administrative law judge (ALJ).  (Tr. 27) The hearing was held on August 5, 2005, before ALJ Regina F. Sobrino.  (Tr. 331-367) Plaintiff, represented by counsel, appeared and testified at the hearing.  The ALJ also took testimony from Timothy L. Shaner, a vocational expert (VE).

On August 23, 2005, the ALJ issued a decision denying plaintiff's claim.  (Tr. 9-17)  She concluded that plaintiff's insured status expired on June 30, 2002, and that plaintiff had not worked since his alleged onset date.  The ALJ further determined that plaintiff had "severe osteoarthritis of the knees, diabetes (controlled with diet) and carpal tunnel syndrome," but that he did not have an impairment or combination of impairments that met or equaled any impairment listed in Subpart P, Appendix 1 of the Social Security Regulations.  (Tr. 16)  In addition, the ALJ found that plaintiff retained the residual functional capacity (RFC) to perform a range of sedentary work and that there were a significant number of jobs in the local economy that he could perform within his RFC.[1]  Accordingly, the ALJ found that plaintiff was not "disabled" within the meaning of the Social Security Act.

---

[1]"Sedentary" work is defined in 20 C.F.R. § 404.1567(a) as follows:
Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

Plaintiff subsequently filed a request for review of the ALJ's decision with the SSA's Appeals Council.  (Tr. 7-8)  The Appeals Council denied the request on November 21, 2005.  (Tr. 4-6)  The ALJ's decision thus became the final decision of the Commissioner.

On January 11, 2006, plaintiff filed suit for review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  As noted above, the parties have filed cross-motions for summary judgment.  Plaintiff contends that the ALJ posed an inaccurate hypothetical to the VE at the administrative hearing and thus erred in relying upon the VE's testimony in concluding that plaintiff was not disabled.  The Commissioner contends that the disability determination is supported by substantial evidence and should thus be affirmed.

### III.  Legal Standards

#### A.  Disability Evaluation

A person is "disabled" within the meaning of the Social Security Act "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A).  Further,

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A). The claimant bears of the burden of proving that she is disabled. Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001).

A five-step process is used to evaluate Social Security Disability claims. See 20 C.F.R. § 404.1520. As discussed in Foster, Id. at 354 (citations omitted), this process consists of the following:

> The claimant must first show that she is not engaged in substantial gainful activity. Next the claimant must demonstrate that she has a "severe impairment." A finding of "disabled" will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and "meets or equals a listed impairment. If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work.

### B.  Standard of Review

Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), which provides, in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Judicial review under § 405(g) is limited to a determination of whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards. Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989); Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997). "Substantial evidence is more than a mere scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Brainard, 889 F.3d at 681. Further, "the decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." Key, 109 F.3d at 273.

**IV.  Analysis**

As indicated above, plaintiff claims that the ALJ posed an inaccurate hypothetical to the VE at the administrative hearing, thus rendering the VE's testimony unreliable. The hypothetical was based upon the ALJ's RFC determination, which is set forth below:

> From June 4, 1996 through June 30, 2002, the claimant had the residual functional capacity to lift, carry, push and pull 5 pounds frequently and 10 pounds occasionally, using both hands. He could stand/walk 2 hours in an 8-hour work day, and sit 8 hours in an 8-hour work day, provided he had the opportunity to alternate sitting and standing at will. He needed to avoid climbing ladders, ropes or scaffolds and could climb stairs only rarely. He could stoop rarely, and could not kneel, crouch, or crawl. He could frequently, but not constantly, handle, finger and feel with the right (dominant) hand. He could not be exposed to hazards or vibration, use air or torque tools, operate foot or leg controls in the course of work, or drive as a work duty. He needed to avoid walking on uneven terrain.

(Tr. 17)  In response to the hypothetical, the VE testified that a person of plaintiff's age, education, and work history, with the RFC indicated above, could work as an inspector, a surveillance system monitor, an information clerk, and a sorter, and that there were 6,300 such jobs in the regional economy.  (Tr. 363-66)  The ALJ relied upon the VE's testimony in concluding that plaintiff was not disabled.

Where an ALJ poses a hypothetical question to a VE that fully and accurately incorporates a claimant's physical and mental limitations, and the VE testifies that a person with such limitations is capable of performing a significant number of jobs in the national economy, such testimony is sufficient to support a finding that the claimant is not disabled.  Varley v. Secretary of Health and Human Services, 820 F.2d 777, 779 (6th Cir. 1987).

Plaintiff contends that the hypothetical was inaccurate because the ALJ failed to incorporate therein plaintiff's alleged need to lie down and nap on a daily basis due to fatigue and his need to elevate his left leg to alleviate his knee pain.  Plaintiff testified that his fatigue was both a side effect of the Darvocet he takes to alleviate pain and a result of the nighttime sleeplessness he experiences due to pain.  Plaintiff also stated at the hearing that he spent most of the day on the couch with his leg elevated.  Plaintiff notes that the VE testified that if plaintiff needed to lie down on a daily basis due to fatigue and elevate his leg throughout the day, all employment would be precluded.  (Tr. 365)

In forming a hypothetical, an ALJ must incorporate all physical and mental limitations reasonably established by the record.  See Varley, supra, 820 F.2d 79-80.  However, it is well-settled that a hypothetical "need not reflect the claimant's unsubstantiated complaints."  Blacha

v. Secretary of Health and Human Services, 927 F.2d 228, 231 (6th Cir. 1990).  See also Stanley v. Secretary of Health and Human Services, 39 F.3d 115, 118 (6th Cir. 1994)("[T]he ALJ is not obliged to incorporate unsubstantiated complaints into his hypotheticals").  The only evidence plaintiff points to in asserting that the ALJ failed to take into account his need to lie down, nap, and elevate his leg is his own testimony.  Plaintiff cites no evidence in the record indicating that he ever reported to any of his treating physicians that he experienced debilitating fatigue resulting in a need to nap or lie down on a daily basis.  Nor does he cite any evidence indicating that he reported a need to elevate his leg to alleviate pain or that any of his physicians recommended that he elevate his leg to lessen his symptoms.  Thus, plaintiff's complaints in this regard are not substantiated by any record evidence.  Accordingly, the ALJ was not required to include these complaints in the hypothetical she posed to the VE.  See, e.g., Essary v. Comm'r of Social Security, 2004 WL 2452596 at *3 (6th Cir.(Tenn.)("Although Essary testified that she suffered from dizziness and drowsiness as a result of her medications, Essary's medical records make no indication that Essary reported such side effects to any of her physicians.  Thus, based on the record before him, the ALJ did not err in finding that Essary suffered no adverse side effects from her medications"); Caldwell v. Barnhart, 2005 WL 1459111 at *4 (W.D.Va.)("[T]here was a paucity of evidence in the medical record supporting the conclusion that plaintiff's subjective complaints constituted disabling impairments, and as such, the ALJ acted properly in according weight to the state agency physicians that he did.  The ALJ correctly noted that there is no indication in the medical record that plaintiff must take a nap in the

afternoon or that she has spoken with any doctor regarding her need to elevate her legs to reduce swelling").

Plaintiff notes that the ALJ did not address in her opinion his testimony regarding his need to nap, lie down, and elevate his leg. He argues that even if the court is not inclined to conclude that the ALJ erred in refusing to incorporate these limitations in the hypothetical, the matter must be remanded for consideration of the credibility of plaintiff's testimony on these matters. The court disagrees. The Sixth Circuit has recognized that "[i]t is more than merely 'helpful' for the ALJ to articulate reasons (e.g., lack of credibility) for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review." Morris v. Secretary of Health & Human Services, 845 F.2d 326, 1988 WL 34109 at *2 (6th Cir.(Tenn.))(quoting Zblewski v. Schweiker, 732 F.2d 75, 79 (7th Cir. 1984)). However, an ALJ is not required to expressly address every aspect of the record. As the Sixth Circuit stated in Morris, 1988 WL 34109 at *2 (quoting Zblewski, 732 F.2d at 79):

> The court is not unmindful of the heavy and unique burden placed upon ALJs in Social Security Act cases. We emphasize that we do not require a written evaluation of every piece of testimony and evidence submitted. However, a minimal level of articulation of the ALJ's assessment of the evidence is required in cases in which considerable evidence is presented to counter the agency's position.

Here, the ALJ concluded that the medical evidence documented the existence of impairments that might reasonably be expected to produce pain, but that plaintiff's allegations of disabling symptoms were not fully substantiated by the record. (Tr. 17) Further, the ALJ set forth a number of reasons for her conclusion that plaintiff's allegations of disabling symptoms

-8-

were not fully credible, finding that the medical evidence did not indicate that he was precluded from performing all work activities and that his activities of daily living were inconsistent with allegations of total disability. (Tr. 15) Plaintiff has raised no objections to the ALJ's findings in this regard. Thus, while the ALJ did not specifically address the credibility of plaintiff's testimony regarding his need to lie down, nap, and elevate his knee, the ALJ did address plaintiff's credibility in general. If the case turned on the credibility of that portion of plaintiff's testimony, remand for further consideration of that testimony might be warranted. However, given the fact that there is no reference in the medical record to plaintiff's alleged need to lie down, nap, and elevate his leg, the court cannot say that the ALJ erred in failing to specifically reference that portion of plaintiff's testimony in her written opinion.

In sum, the court concludes that the ALJ neither erred in failing to include in the hypothetical plaintiff's alleged need to lie down, nap, and elevate his leg, nor in failing to specifically address that portion of plaintiff's testimony in assessing his credibility. Plaintiff has raised no other objections to the hypothetical posed by the ALJ to the VE, and no errors are apparent in the record. Rather, the hypothetical includes significant restrictions related to plaintiff's knee impairments and carpal tunnel syndrome, restrictions that are consistent with the reports of both plaintiff's treating physicians and the findings of the state agency consultant, who reviewed plaintiff's medical record in May of 2003 and concluded that he possessed the RFC to engage in sedentary work during the insured period. Accordingly, the VE's testimony constitutes the substantial evidence necessary to support the ALJ's determination that plaintiff is not disabled. Varley, supra, 820 F.2d at 779.

**IV. Conclusion**

For the reasons stated above, the court recommends that the Commissioner's motion for summary judgment be **GRANTED**, that plaintiff's motion for summary judgment be **DENIED**, and that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

S/VIRGINIA M. MORGAN

|  |  |
|---|---|
| Dated: August 7, 2006 | VIRGINIA M. MORGAN<br>UNITED STATES MAGISTRATE JUDGE |

---

### PROOF OF SERVICE

The undersigned certifies that the foregoing Report and Recommendation was served upon counsel of record via the Court's ECF System and/or U. S. Mail on August 7, 2006.

>s/Kendra Byrd
>Case Manager to
>Magistrate Judge Virginia M. Morgan

-11-